UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMZA GIBSON,

                                        Case No. 12-15650

      Petitioner,                    HONORABLE GEORGE CARAM STEEH

v.

DUNCAN MCLAREN,

      Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR
WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Hamza Gibson, ("Petitioner"), currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for assault with intent to commit murder, assault with intent to commit great bodily harm, and aggravated domestic violence. Having reviewed the petition, this Court determines that the petition is subject to dismissal because it contains claims which have not been exhausted with the state courts. For the reasons stated below, in lieu of dismissing the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state court to exhaust his unexhausted claims. If he fails to do so, the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. On his direct appeal, the Michigan Court of Appeals affirmed Petitioner's convictions for assault with intent to murder and domestic violence, but vacated on double jeopardy grounds his conviction for assault with intent to commit great bodily harm less than murder. *People v. Gibson*, No. 297814 (Mich. Ct. App. July 19, 2011). The Michigan Supreme Court denied leave to appeal. *People v. Gibson,* 490 Mich. 971 (2011). Petitioner asserts that he has not yet filed a motion for post conviction relief.

Petitioner seeks a writ of habeas corpus on the following grounds: 1) insufficient evidence of intent to murder; 2) double jeopardy; 3) denial of right to effective appeal; and 4) denial of due process and the effective assistance of counsel.

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional total exhaustion requirement in habeas cases. *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012). The total exhaustion requirement, generally speaking, forbids federal habeas courts from granting relief on "mixed petitions," those containing both exhausted and unexhausted claims. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* A federal habeas court may raise *sua sponte* the

petitioner's failure to exhaust state court remedies. *Granberry v. Greer*, 481 U.S. 129 (1987).

The petition in this case is a mixed petition. Petitioner acknowledges on the face of his petition that he did not exhaust his third and fourth claims. He asserts that he has not raised these claims because he was unable to obtain documents from his appellate counsel in support of the claims, and motions filed with the state court to receive these documents have not produced the documents in a timely manner.

A federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *Rhines v. Weber*, 544 U.S. 269, 275-78 (2005). Stay and abeyance is available only when the district court determines that there was good cause for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the prisoner has not engaged in intentional delay. *Id.*, 277-78. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Petitioner's unexhausted claims do not appear to be "plainly meritless." *See Rhines*, 544 U.S. at 277. Further, Petitioner alleges that he has been impeded by former counsel and the state courts from obtaining documents in support of his unexhausted claims, which may constitute good cause for his delay in filing his motion for relief from judgment in state court. It also does not appear that petitioner has engaged in "intentionally dilatory tactics."

*See id.* at 277. Finally, based on the allegations in the petition, it appears that the AEDPA limitations period is close to running out. The Court will therefore exercise its discretion to stay, rather than dismiss, the petition.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner the following time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order, if he has not done so already. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

## III. ORDER

It is ORDERED that Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order, if he has not filed such a motion already. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition using the same caption and case number within sixty (60) days after the conclusion of the state

court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contain any newly exhausted claims.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only.

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated: April 1, 2013

                         s/George Caram Steeh
                         GEORGE CARAM STEEH
                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 1, 2013, by electronic and/or ordinary mail and also on Hamza Gibson, #529234, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036

s/Barbara Radke
Deputy Clerk