UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMZA GIBSON,

        Petitioner,

v.

DUNCAN MCLAREN,

        Respondent.

_____/

Case No. 12-15650

HONORABLE GEORGE CARAM STEEH

ORDER DENYING AS MOOT REQUEST FOR EXTENSION
OF TIME [Dkt. 7] AND DENYING REQUEST TO LIFT STAY [Dkt. 8]

This is a stayed habeas action.  Hamza Gibson ("Petitioner"), currently confined at

the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.   The Court determined that the petition contained

both exhausted and unexhausted claims.  Rather than dismiss the action, the Court stayed

the case to give Petitioner the opportunity to exhaust his unexhausted claims with the state

courts.  This matter comes before the Court on two letters from Petitioner, one seeking an

extension of time to comply with the order staying the case and a second asking the Court

to lift the stay.

To ensure that Petitioner did not delay in exhausting his state court remedies, the

order staying this case required Petitioner to present his claims in state court by filing a

post-conviction motion for relief from judgment with the state trial court within sixty days

from the date of the Court's order, and further required Petitioner to ask the Court to lift the

stay within sixty days of exhausting his state court remedies. The order provided that, if the

conditions of the stay were not met, the stay might later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition dismissed. The Court also administratively closed the case.

Since the stay was entered on April 1, 2013, Petitioner has filed two letters with the Court. Petitioner's first letter, dated May 21, 2013, states that Petitioner just learned that he was going to be transferred to the Wayne County Jail to testify in an upcoming criminal trial. As a result of this transfer, and problems obtaining information, Petitioner believed that he might be unable to comply with the timetable set forth in this Court's April 1, 2013 order. The letter asks the Court for direction or to extend the time for complying with the Court order. Petitioner's second letter, dated May 29, 2013, states that Petitioner was mailing his motion for relief from judgment to the Wayne County Circuit Court at 10:00 a.m. that morning. It also asks the Court to lift the stay ordered in the April 1, 2013 order.

The Court construes Petitioner's May 21 letter as a request for an extension of time under Rule 6 of the Federal Rules of Civil Procedure. Rule 6 provides that a court may, for good cause, with or without motion or notice, extend the time for a party to act if a request is made before the original time or its extension has expired. Fed. R. Civ. P. 6(b)(1). The Court's order staying the case required Petitioner to file a post-conviction motion for relief from judgment within 60 days of the date the order was issued. The order was dated April 1, 2013, so Petitioner had until May 31, 2013 to file his motion for post-conviction relief. Since Petitioner mailed his motion for relief from judgment on May 29, 2013, it appears that he complied with the portion of the Court's order requiring him to file for post-conviction relief within 60 days. Petitioner does not need the Court to extend this period of time and therefore the Court will deny as moot his request for an extension of time.

Petitioner's May 29 letter asks the Court to lift the stay because Petitioner has now filed his motion for relief from judgment with the Michigan trial court. Petitioner appears to misunderstand the scope and purpose of the stay. The stay is intended is to hold the case in abeyance until Petitioner's state remedies are fully exhausted. Lifting the stay is not appropriate until the state courts rule on Petitioner's motion for relief from judgment and any appeals from that ruling. The Court's April 1 order therefore directed that Petitioner may apply to have the stay lifted *after* his habeas claims are completely exhausted, including appeals. Since Petitioner has only just filed his motion for relief from judgment, his claims are not exhausted yet and lifting the stay would be inappropriate. The Court will therefore deny Petitioner's request to lift the stay.

WHEREFORE, Petitioner's request for an extension [Dkt. 7] is DENIED AS MOOT. Petitioner's request to lift the stay [Dkt. 8] is DENIED. This case remains closed.

SO ORDERED.

Dated: July 15, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 15, 2013, by electronic and/or ordinary mail and also on Hamza Gibson #529234, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Barbara Radke
Deputy Clerk