UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMZA GIBSON,

       Petitioner,                Case No. 2:12-CV-15650
  v.                                   HON, GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE
KEN ROMANOWSKI,

       Respondent.
_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 24) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

## I. Introduction

Before the Court is petitioner's *pro se* motion to amend the petition for writ of habeas corpus, in which seeks to make additional arguments to the claims he raised in his 2012 habeas petition, which challenged his 2010 conviction for assault with intent to commit murder and aggravated domestic violence.

For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court further orders that the motion to amend the petition for writ of habeas corpus be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

## II. Background

Petitioner previously filed a habeas petition, in which he challenged his 2010 conviction out of the Wayne County Circuit Court for assault with intent to commit murder and aggravated domestic violence. The petition was denied on the merits. *Gibson v. Romanowski*, No. 2:12-CV-15650, 2015 WL 1926365 (E.D. Mich. Apr. 28, 2015); *app. Dism.* No. 18-1972 (6th Cir. Jan. 7, 2019).

Petitioner has now filed a motion to amend the habeas petition. Petitioner in his motion claims that he was suffering from mental health issues at the time that his petition was before the Court and was unable to adequately address the issues that he raised in his petition. Petitioner has now received mental health treatment and asks this Court to allow him to amend the petition so that he can file a supplemental petition that can more effectively advance his claims.

## III. Discussion

Petitioner seeks to reopen his case and reinstate his original habeas petition. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

Petitioner has filed an application to amend and supplement his 2012 habeas petition. Because petitioner's proposed amended habeas petition is a successive challenge to this conviction, the Court must transfer this case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether petitioner should be permitted to file a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must

transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

When a habeas petitioner files what purports to be a motion to amend to a habeas petition, a federal court "must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). Petitioner is seeking in his motion to amend the habeas petition to supplement already litigated claims with new arguments or evidence and possibly to raise new claims. All of these claims are second or successive claims for habeas relief that this Court lacks jurisdiction to review in the absence of authorization from the Sixth Circuit. *Id.* at 323. "A post-judgment motion to amend or Rule 60(b) motion that raises habeas claims

is a second or successive petition when that motion is filed after the 'petitioner has lost on the merits and exhausted her appellate remedies.'" *Id.* (quoting *Clark v. United States*, 764 F. 3d 653, 658 (6th Cir. 2014)). Petitioner already was denied relief on his claims and has exhausted his appellate remedies with respect to this petition.  Petitioner's motion is a successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the motion to amend the petition for writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

## IV.  Conclusion

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

- 6 -

(2)  The Clerk of the Court is **ORDERED** to transfer the motion to amend the petition for writ of habeas corpus (ECF No. 24) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

So ordered.

Dated: February 3, 2022

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 3, 2022, by electronic and/or ordinary mail and also on Hamza Gibson #529234, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Brianna Sauve
Deputy Clerk